```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
TROY McRAE,

                Plaintiff,
                                              MEMORANDUM & ORDER
         - against -                          15-CV-233 (KAM) (SMG)

JANET GLEESON; CHARLES J. HYNES;
MICHAEL A. DROBENARE; and
ALEXIS A. ASCHER,

                Defendants.
----------------------------------x
```
**MATSUMOTO, United States District Judge:**

Plaintiff Troy McRae ("plaintiff"), who is currently incarcerated at Upstate Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") seeking damages. (ECF No. 1.) On February 17, 2015, the court dismissed the action because the defendants were not properly subject to an action for damages under Section 1983. (ECF No. 8 ("2/17/15 Order").) Judgment was entered on February 18, 2015. (ECF No. 9, Judgment.) On March 10, 2015, the court denied plaintiff's motions seeking injunctive relief, leave to amend his complaint, and leave to amend the judgment as moot because judgment had been entered and the case was already closed. (ECF No. 14 ("3/10/15 Order").) In any event, the court held, the motions were without merit. (*Id.*) Plaintiff appealed the court's 3/10/15 Order, but the Second Circuit dismissed the appeal because plaintiff failed to pay the filing fee. (ECF Nos. 15, 18.)

1

On January 4, 2016, plaintiff filed the instant motion seeking reconsideration of the court's 2/17/15 Order dismissing this action. (ECF No. 17 ("Pl. Mot.").) Plaintiff's motion for reconsideration of the 2/17/15 Order is DENIED.

## LEGAL STANDARD

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court, and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011) (internal quotation marks and citations omitted). The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Schrader v CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cordero v. Astrue*, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

## DISCUSSION

In the 2/17/15 Order, the court dismissed plaintiff's federal claims brought under Section 1983 and declined to exercise supplemental jurisdiction over plaintiff's state law claims alleging deliberate indifference, negligence, attorney malpractice, and ethical misconduct. (2/17/15 Order at 17 & n.2.) The instant motion appears to be based on plaintiff's mistaken belief about the scope of the court's 2/17/15 Order.

Plaintiff states that he wishes this Court to "grant[] his application for 'reconsideration' To bring his . . . []deliberate indifference, negligence, attorney malpractice, and ethical misconduct[] claims in the court of claims." (Pl. Mot., at 1; *see also id.*, Ex. 2, at 2 ("[P]laintiff is seeking an order . . . grant[ing] reconsideration . . . so that he can bring claims against the defendants in state court of claims.").) The court concludes that reconsideration is unnecessary, because nothing in the court's 2/17/15 Order precluded plaintiff from pursuing relief on his state law claims in a state court of competent jurisdiction.

In the 2/17/15 Order, as noted, the court declined to exercise supplemental jurisdiction over plaintiff's state law claims. The court stated:

> Plaintiff's state law claims of deliberate indifference, negligence, attorney malpractice, and ethical misconduct are also dismissed. Because plaintiff's state law claims are before this court under the court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, in light of

3

> the court's dismissal of plaintiff's federal claims, and because there is no compelling reason to maintain the state claims in federal court, the court will decline to exercise supplemental jurisdiction over plaintiff's state law claims.

(2/17/15 Order at 17 n.2.)

The dismissal of plaintiff's state law claims for lack of jurisdiction did not preclude plaintiff from filing his state law claims in a state court. *See Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) ("A dismissal for lack of jurisdiction . . . does not preclude a subsequent action in an appropriate forum . . . ."); *see also Japan Press Serv., Inc. v. Japan Press Serv., Inc.*, No. 11-CV-5875, 2013 WL 80181, at *13 (E.D.N.Y. Jan. 2, 2013) ("A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, and, thus, is without prejudice." (citing *Arrowsmith*, 320 F.2d at 221)); 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3567.3 (3d ed.) ("[W]hen a court declines supplemental jurisdiction in a case filed initially in federal court, it should dismiss the state-law claims without prejudice . . . . This course permits the plaintiff to refile in state court.").

This court's decisions have not prevented plaintiff from pursuing his state law causes of action in a state court of

competent jurisdiction.[1] Having reviewed the instant motion, the court finds that it does not satisfy the demanding standard for reconsideration. Plaintiff's motion fails to allege any controlling legal arguments or facts that this court overlooked or that would otherwise lead this court to alter its conclusion that his case must be dismissed. *See Schrader*, 70 F.3d at 257.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is DENIED. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

```
        /s/
```
Kiyo A. Matsumoto
United States District Judge

Dated: May 3, 2016
Brooklyn, New York

---

[1] This court does not opine on the merit or timeliness of any of plaintiff's state law claims.